```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
FRANCIS JOHN WOHNSIGL,

                 Plaintiff,
                                            MEMORANDUM AND ORDER
         -against-                          18-CV-1841(JS)(SIL)

JOHN DOES 1-4 (Nassau County
Police Officers),

                 Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Francis John Wohnsigl, pro se
                    79080062
                    Nassau County Correctional Center
                    100 Carman Avenue
                    East Meadow, New York 11554

For Defendants:     No appearances.
```

SEYBERT, District Judge:

On March 26, 2018, incarcerated pro se plaintiff Francis John Wohnsigl ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 against four unidentified police officers alleged to work for the Nassau County Police Department ("Defendants") together with an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED and the Court ORDERS service of the Summonses and Complaint upon the

Defendants by the United States Marshal Service ("USMS").

However, the USMS will not be able to effect service of the Summonses and the Complaint on the Defendants without more information. The Second Circuit has held that district courts must provide pro se litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. See Valentin v. Dinkins, 121 F.3d 72, 75-76 (2d Cir. 1997). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Nassau County Attorney. The Nassau County Attorney's Office is requested to attempt to ascertain the full names of the Defendants, who are all alleged to be employed by the Nassau County Police Department, and who are described in the Complaint and alleged to have interacted with Plaintiff on November 30, 2017. The Nassau County Attorney's Office shall provide the Court and Plaintiff the names and addresses where these individuals can be served within thirty (30) days of the date that this Order is served upon it.

Once the information is provided to the Court by the Nassau County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the unnamed Defendants, Summonses shall be issued as to these Defendants, and the USMS shall serve them. The Nassau County Attorney need not undertake

to defend or indemnify any of these individuals at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve the unnamed Defendants as instructed by the Second Circuit in Valentin.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated: June  19 , 2018
       Central Islip, New York